ORIGINAL

Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Amrita Mallik, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 09 2013

at 3 o'clock and 11 min. M.
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

CV13 00674 RLP

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> STEP THREE, LTD., and Does 1 – 10 Inclusive, <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br> • **AMERICANS WITH DISABILITIES ACT** <br> **(42 U.S.C. §§ 2000e, et seq. and 12117)** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex (pregnancy) and under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") to correct unlawful employment practices on the basis of disability (infertility) and retaliation and to provide appropriate relief to Deepa Sheehan ("Charging Party") who was adversely affected by such practices.

As alleged with greater particularity in Paragraphs 14 through 16 herein, the Commission alleges that Defendant Step Three, LTD. and Does 1-10 (collectively referred to herein as "Defendants"), subjected Charging Party to less favorable treatment with respect to accommodations and other terms and conditions of her employment than similarly situated employees, leading to her eventual termination, on the basis of her pregnancy, a condition of her sex, female. Further EEOC alleges that Defendants denied Charging Party a reasonable accommodation for her disability. In addition, EEOC alleges that Defendants subjected her to unlawful retaliation in violation of Title VII when they subjected her to negative performance evaluations and eventual termination as a result of her seeking an accommodation for her disability in violation of Section 102 of the ADA, 42 U.S.C. 12112.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.    This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a. Further, this action is authorized under § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3)( of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

4.     Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6.  Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5.     At all relevant times, Defendant Step Three, Ltd. has continuously had at least (15) employees and has been a corporation doing business in Hawaii.

6.     At all relevant times, Defendant Step Three, Ltd. has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and also within the meaning of § 101(5) of the ADA, 42 U.S.C. § 1211(5), and § 101(7) of the ADA, 42 U.S.C. § 1211(7), which incorporates by reference §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).  At all relevant times, Defendants have been covered entities under § 101(2) of the ADA, 42 U.S.C. § 1211(2).

7.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff

Commission sues said defendant(s) by fictitious names.   Plaintiff reserves the right to amend the Complaint to name each DOE defendant individually or collectively as they become known.   Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

      **8.**    All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, including Defendants DOES 1 to 10, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise.   Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.   Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## CONDITIONS PRECEDENT

      **9.**    More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging that Defendant Step Three, Ltd. violated Title VII and Title I of the ADA.

      **10.**    The Commission investigated the charge against Defendant Step Three, Ltd.

      **11.**    The Commission issued a Letter of Determination to Defendant finding reasonable cause to believe that Charging Party was discriminated against on the basis of her pregnancy, a condition of her sex (female) in violation of Title VII, and on the basis of her disability in violation of the ADA, and retaliated against for engaging in a protected activity.

12.     Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII and the ADA through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).   The Commission engaged in good faith attempts at conciliation, which proved unsuccessful.

13.     As detailed in paragraphs 9 through 12, all conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.     Since at least July 2010, Defendants have engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, 2000e-5 by subjecting Charging Party to discrimination because of her pregnancy, a condition of her sex (female).

15.     Since at least July 2010, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112, by denying Charging Party a reasonable accommodation for her disability, infertility.

16.     Since at least July 2010, Defendants have engaged in unlawful employment practices in violation of Section 503 of the ADA, 42 U.S.C. §12203 by subjecting Charging Party to retaliation for engaging statutorily protected activities.

17.     The effect of the unlawful employment practices complained of as described in paragraphs 14 through 16 has been to deprive the Charging Party of equal employment opportunities.

18.     The unlawful employment practices complained of in Paragraphs 11 through 13 were done intentionally and with malice and/or reckless indifference to the federally protected rights of the Charging Party.

19.     As a direct and proximate cause of the Defendants' acts as stated

above, the Charging Party has suffered emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and damages, all to be proven at trial which entitles them to compensatory damages.

20. As a direct and proximate cause of the Defendants' acts as stated above, Charging Party suffered loss of earnings including compensatory damages, as well as back pay, front pay and benefits in amounts according to proof and other relief the court deems appropriate..

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex, female (pregnancy), or disability and which constitute retaliation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and employees with disabilities and which eradicate the effects of its past unlawful employment practices.

C. Order Defendants to make Charging Party whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement or front pay.

D. Order Defendants to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 11 through 14 above, in amounts to be determined at trial.

E. Order Defendants to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful

practices complained of in Paragraphs 11 through 14 above, including but not limited to humiliation, frustration, emotional pain and suffering and inconvenience in amounts to be determined at trial.

      F.    Order Defendants to pay Charging Party punitive damages for their malicious and/or reckless conduct described in Paragraphs 11 through 14 above, in amounts to be determined at trial.

      G.    Grant such further relief as the Court deems necessary and proper in the public interest.

      H.    Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

    The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: December 6, 2013        Respectfully Submitted

                        P. DAVID LOPEZ
                        General Counsel

                        JAMES LEE,
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS,
                        Associate General Counsel

                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION
                        131 M Street, NE
                        Washington, DC 20507

                        By:
                        ANNA Y. PARK
                        Regional Attorney
                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION