Anna Y. Park, CA SBN 1164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1079
Facsimile:  (213) 894-1301

Amrita Mallik, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone:  (808) 541-3133
Facsimile:  (808) 541-3390

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Paula Sussex
210 Ward Avenue Ste 328
Honolulu, Hawaii 96814
Telephone: 808-792-8501

President of Defendant
STEP THREE, LTD.

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAIʻI

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> STEP THREE, LTD. and Does 1-10 inclusive; <br><br> Defendants | Civil No. CV13-00674 ACK RLP <br><br> **CONSENT DECREE AND ORDER** |

# I.

# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Step Three, Ltd. ( "Step Three" or "Defendant") hereby stipulate and agree to the entry of this Consent Decree ("Decree") to resolve the EEOC's Complaint ("Complaint"), filed in the United States District Court for the Central District of Hawai'i against Defendant Step Three under Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000e et seq. ("Title VII") and Title I of the Americans with Disabilities Act of 1990, as amended ("ADA").

The EEOC's Complaint alleges that Defendant discriminated and retaliated against Charging Party, Deepa Sheehan ("Charging Party") based on her sex (female) and disability (infertility). The EEOC's Complaint alleged that by subjecting Charging Party to disparate treatment in the form of adverse terms and conditions of employment because of her pregnancy, a condition of her sex (female), Defendant violated Title VII, including the Pregnancy Discrimination Act of 1978. The Complaint also alleges that Defendant discriminated and retaliated against Charging Party in violation of the ADA by failing to provide her with reasonable accommodations for her disability (infertility) and retaliating against her for requesting a reasonable accommodation for her disability by giving her negative performance reviews and ultimately terminating her employment.

Defendant denies all allegations in the EEOC's complaint.

# II.

# PURPOSES AND SCOPE OF THE CONSENT DECREE

A.       The Parties to this Decree are the EEOC and Defendant (collectively referred to as "Parties" unless otherwise stated). This Decree shall be binding on

and enforceable against Defendant and its officers, directors, agents, successors, and assigns.

B.    The Parties have entered into the Decree for the following purposes:

1.    To provide the appropriate monetary and injunctive relief;

2.    To ensure that Defendant's employment practices comply with federal law;

3.    To ensure a work environment free from discrimination;

4.    To ensure a work environment free from retaliation subsequent to any complaint of discrimination;

5.    To modify policies, procedures, and practices regarding employment discrimination on the basis of sex with emphasis on pregnancy based sex discrimination under Title VII and disabilities under the ADA.

6.    To modify complaint policies, procedures, and practices regarding retaliation and prevention of retaliation subsequent to any exercise of protected activities or complaints.

7.    To ensure training for Defendant's managers, supervisors and non-management employees with respect to the law against sex-based discrimination, discrimination on the basis of disability and retaliation;

8.    To provide an appropriate and effective mechanism for handling complaints of sex-based discrimination, discrimination on the basis of disability and retaliation; and

9.    To ensure effective record-keeping procedures.

10.    To avoid expensive and protracted costs incident to this litigation.

C.    The scope of this Decree is to apply to Defendant's facility located in Honolulu, Hawaii as well as all retail outlets owned and operated by Defendant throughout the state of Hawaii.

## III.

## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims, and allegations against Defendant that are set forth in and/or are within the reasonable scope of the Sheehan Charge and Complaint originally filed in the United States District Court, District of Hawaii on December 9, 2013, 2013, now captioned <u>U.S. Equal Employment Opportunity Commission v. Step Three, LTD.</u>, Civ. No. 13-00674 ACK-RLP.

B.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

C.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII, the ADA or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.     This Court has jurisdiction over the Parties and the subject matter of the Complaint.  The Complaint and Sheehan Charge assert claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable, and just.

C.     The Decree conforms with the Federal Rules of Civil Procedure, Title VII and the ADA and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering any order, judgment or decree that may be necessary to implement the relief provided herein.

# V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained here are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.    Except as otherwise provided here, the Decree shall remain in effect for two (2) years after the Effective Date.

# VI.

## MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B.    By mutual agreement of the Parties, this Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions of the Decree. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

C.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' best efforts.

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.    The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such petition or action, the EEOC will notify Defendant or its legal counsel of record, in

writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes have breached. Defendant shall have fifteen (15) calendar days from receipt of EEOC's notice of the alleged breach to attempt to resolve or cure the breach, however the Parties can agree to extend this period upon mutual written consent.

B.     The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

C.      After fifteen (15) calendar days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court against Defendant to ensure full compliance with this Decree, seeking all available relief, including, but not limited to, an extension of the terms of the Decree for such period of time as the Defendant is shown to be in breach of the Decree.

## VIII.

## MONETARY RELIEF

### A.     Total Monetary Relief

In settlement of all monetary claims of EEOC's Complaint, the Defendant shall pay Charging Party a total of $60,000.00. Allocation of settlement money amounts for the Charging Party in this case shall be apportioned between compensatory damages and lost wages at the sole discretion of the EEOC. The EEOC will notify the Defendant of the apportionment within three (3) calendar days of the Consent Decree's Effective Date. The EEOC's full and complete discretion is a material term of this Decree.

The apportionment of the monetary damages will be contained in the EEOC's Distribution list, which will also include contact information for the Charging Party including her current address, the amount to be paid to Charging Party, the classification of such amounts to be paid and any additional relevant identifying information, (hereafter "Distribution List").

B.    **Issuance of Check and IRS Forms and Reports**

Within twenty (20) calendar days of the Effective Date, Defendant will send a check to the Charging Party for the total amount of the monetary damages at the Charging Party's current address via certified mail, return receipt requested. Along with the check and as appropriate, Defendant agrees to issue an IRS Form 1099 to the Charging Party for all monies paid to her as compensatory damages. Defendant also agrees to issue an IRS Form W-2 to the Charging Party for all monies paid to her as lost wages and reflecting all necessary payroll withholdings. Defendant shall also make all appropriate reports to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Charging Party.

C.    **Verification of Payment & Tax-Related Correspondence**

Within twenty (20) calendar days of the Effective Date, Defendant shall submit a copy of the check and each tax-related correspondence to Anna Park, EEOC Regional Attorney at the office address on the caption page of this Decree.

## IX.

## CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within ten (10) calendar days of the Effective Date of this Decree, Defendant shall:

A.    To the extent that Defendant must keep records of the charges of discrimination or Charging Party's involvement in the Action in order to effectuate this Decree, maintain said records separately and segregated from Charging Party's personnel files.

B.    If Defendant receives any employment reference inquiries regarding the Charging Party, Defendant shall follow its current policy and provide only a neutral reference for Charging Party by verifying whether the Charging Party was employed by Defendant, the time period of such employment, Charging Party's position title and salary during employment with Defendant.

# X.

## GENERAL INJUNCTIVE RELIEF

### A. <u>Discrimination Based on Sex</u>

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) subjecting individuals to different treatment on the basis of their sex, or on the basis of pregnancy, a condition of sex, female; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of subjecting any employee to disparate treatment on the basis of sex; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

### B. <u>Discrimination Based on Disability</u>

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined not to discriminate against any individual in the terms and conditions of employment on the basis of disability, including the unlawful denial of requests for reasonable accommodation.

### C. <u>Retaliation</u>

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII or the ADA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating

to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

**D.    Posting of Notice of Consent Decree**

Within ten (10) calendar days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice of Consent Decree, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices) in its main Honolulu facility during the term of the Decree.

**E.    Equal Employment Opportunity Consultant**

1.    Within thirty (30) calendar days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Consultant ("Monitor") with demonstrated experience in the area of employment discrimination to implement and monitor Defendant's compliance with Title VII, the ADA and the provisions of this Decree.  The Monitor shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  If the EEOC does not approve Defendant's proposed Monitor, the EEOC shall provide Defendant with a list of at least three suggested candidates acceptable to the EEOC. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties.  The Monitor's responsibilities shall include:

a.    Assisting Defendant in creating and/or revising its sex and disability-based discrimination, harassment, retaliation policies and complaint procedures to ensure compliance with Title VII, the ADA and other federal employment laws;

b.    Assisting Defendant in creating, applying and implementing its policy or policies against sex and disability-based discrimination and disparate treatment, and retaliation under Title VII and the ADA; and, implementing its procedures for handling complaints of discrimination,

harassment, and retaliation to more effectively carry out its obligations under this Decree;

        c.      Assisting Defendant in training Step Three's Owner, officers/directors, managerial and staff/hourly employees on their rights and responsibilities under Title VII and the ADA, including but not limited to the responsibilities to provide a workplace free of sex or disability based discrimination, harassment and retaliation;

        d.      Assisting Defendant in training all employees on policies and procedures relating sex and disability-based discrimination, harassment, and retaliation and ensuring that all of Defendant's managerial and human resources employees are trained on policies and procedures relating to sex-based and disability-based discrimination, harassment, and retaliation;

        e.      Assisting Defendant in monitoring and assuring the adequate investigation of all complaints of sex and disability-based discrimination including investigations of complaints involving disparate treatment based on pregnancy, denial of reasonable accommodations, harassment, and/or retaliation;

        f.      Assisting Defendant in properly communicating with complainants regarding the complaint procedure, status of the complaint/ investigation, results of the investigation, and any remedial action taken;

        g.      Assisting Defendant in ensuring that all reports required by this Decree are accurately compiled and timely submitted;

        h.      Assisting Defendant in creating appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

        i.      Assisting Defendant in creating a centralized system of tracking discrimination, harassment, and retaliation complaints;

j.     Assisting Defendant in the designation and training of at least one human resources employee to receive and process all discrimination, harassment, and retaliation complaints;

k.     Assisting Defendant to ensure that any discrimination or retaliation complaints made by any employee against any of Defendant's executive officers are directed to the Equal Opportunity Consultant or other neutral third-party for handling and response in conjunction with Defendant's antidiscrimination/ anti-retaliation policies and procedures; and,

l.     Further ensuring compliance with the terms of this Decree.

F.     **Revision of Policies and Procedures**

1.     EEOC seeks that the Defendant revise its policy against and complaint procedure for discrimination, harassment, and retaliation under Title VII and the ADA as amended.  Defendant contends that it has revised its policy and complaint procedure with the understanding that the EEOC seeks the following:

a.     a clear statement regarding Defendant's commitment to prevent discrimination, harassment, and retaliation;

b.     an assurance that employees who make complaints of discrimination, harassment or retaliation or provide information related to such complaints will be protected from retaliation;

c.     a clearly described complaint process for discrimination, harassment, and retaliation that provides accessible avenues of complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally;

d.     an assurance that Defendant will protect the confidentiality of discrimination complaints to the extent possible from being disclosed to those who do not need to know;

e.      a complaint process that provides a prompt, thorough, and impartial investigation;

f.      a requirement that any employee in a supervisory position who receives a complaint, whether formal or informal, written or verbal, report such complaint to the human resources department within 24 hours of receiving said complaint;

g.      an assurance that Defendant's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

h.      a procedure for communicating with the complainant in writing regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken;

i.      assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination, harassment or any subsequent retaliation has occurred; and

j.      designation of at least one human resources employee to receive and process all sex-based discrimination, harassment and retaliation complaints.

k.      designation of at least one human resources employee to receive and process all disability-based discrimination, harassment and retaliation complaints.

## 2.    **Performance Evaluations**

Defendant shall hold its managers, supervisors, and any human resources personnel accountable for engaging in discrimination, harassment, and/or retaliation; or for failing to comply with Defendant's policy against and complaint procedures for discrimination, harassment and retaliation under Title VII and ADA as amended.  For the upcoming review cycle, Defendant shall revise its performance evaluation forms for managers and supervisors in order to include as

measures for performance compliance with Defendant's policy against and complaint procedures for discrimination, harassment, and retaliation.

**G.** **Distribution of Defendant's Disability Policies, Policies Against and Complaint Procedures Discrimination and Any Subsequent Retaliation**

1. Defendant has redistributed its policy against and complaint procedure for discrimination, harassment, and retaliation to all of its employees at its headquarters / corporate office(s) and all facilities that are operational during the term of the Decree.

2. For the remainder of the term of this Decree, all new employees hired shall receive within thirty (30) calendar days of hire Defendant's policy against and complaint procedure for discrimination, harassment, and retaliation; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department at its headquarters / corporate office(s) and all facilities that are operational during the term of the Decree.

3. For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions shall receive within thirty (30) calendar days of promotion any policies and procedures of Defendant's against and about discrimination, harassment, and retaliation applicable to managerial employees; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department at its headquarters / corporate office(s) and all facilities that are operational during the term of the Decree.

**H.** **Training**

1. Within sixty (60) calendar days of the Effective Date, the Defendant's shall review with the EEO Consultant and revise its training of its

policy against and complaint procedure for discrimination, harassment, and retaliation.

        a.     The Defendant has provided all of its managerial, supervisory, human resources, and non-managerial staff/hourly employees with a copy of its revised policy and complaint procedure for discrimination, harassment, and retaliation under Title VII and ADA as amended.

        1.     The Defendant has included a statement that employees may contact the designated human resources employees to request reasonable accommodations and/or to discuss and/or file complaints about Title VII and/or ADA discrimination.

        2.     Within sixty (60) calendar days after the Effective Date, the Defendant, with the assistance of the Consultant, if necessary, shall provide live, in-person training(s) of at least 4 hours in duration about its policy against and complaint procedure for discrimination, harassment, and retaliation to its managerial, supervisory and human resources employees and a separate training of at least 2 hours in duration for its non-managerial staff/hourly employees under Title VII and the ADA as amended. Regarding Title VII, the training will include information about understanding and identifying discrimination and harassment and how to properly identify and respond to complaints of discrimination and harassment.  Regarding the ADAAA, the training will include information regarding the interactive process and understanding and accommodating disabilities in the workplace. The employees to be trained are those who work at all of Defendant's headquarters / corporate office(s) and other retail facilities where its employees work.

        a.     The Defendant will broadcast via internet to its neighbor island offices and retail facilities the live, in-person training sessions of the managerial and non-managerial employees from Honolulu, Hawaii, using a

program to be agreed upon with the EEOC.  The Defendant will also record the live, in-person training sessions of the managerial and non-managerial employees.

b.     At least seven (7) days prior to the live, in person training sessions of the Defendant's managerial and non-managerial employees in Honolulu, Hawaii, the Defendant will conduct a test of the technological equipment, software, and related devices that will be used in the training sessions in a manner that will be agreed upon with the EEOC.

c.     The Defendant will make available the recordings of the training sessions of its managerial and non-managerial employees in Honolulu, Hawaii to all of its headquarters / corporate office(s), and other retail facilities within seven (7) days of the training sessions.  The Defendant can make the recordings available via internet, email, and/or digital video recording.

d.     Either at the beginning or at the end of training sessions of its managerial and non-managerial employees in Honolulu, Hawaii, the Monitor or a human resources employee will verbally inform the employees of the designated Title VII and ADA coordinators.  The Monitor or human resources employee will also verbally inform the employees that they may request reasonable accommodations, and/or discuss or file Title VII and/or ADA discrimination with the relevant human resources employees.

3.     The training of managerial employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of discrimination, harassment, and retaliation; and how to take preventive and corrective measures against discrimination, harassment and any subsequent retaliation.   The training of managerial employees shall also sensitize managers to subtle complaints of harassment/discrimination; how to properly identify and address complaints of harassment/ discrimination; instruct managers of their responsibility to promptly inform the human resources department of all complaints, and instruct managers on the prohibition against retaliation.

4. After the initial trainings described in paragraphs 2 and 3 of this section, Defendant shall conduct annual training (every twelve (12) months thereafter for the term of this Decree) on EEO laws, obligations of managers and supervisors on EEO compliance, its policy against and complaint procedure for discrimination, harassment, and retaliation for its managerial employees and separate refresher training for its employees. The employees to be trained are those who work at all of its headquarters / corporate office(s) and facilities that are operational during the term of the Decree.

5. For any employees who miss the scheduled training described in this section, the Defendant shall show a recording of the scheduled training to these employees within thirty (30) calendar days of the scheduled training.

6. All employees required to attend such training shall verify their annual attendance in writing on a sign-in sheet provided by the Defendant.

## XI.
## RECORD KEEPING AND REPORTING

### A. <u>Record Keeping</u>

The Defendant shall work with the Consultant to establish a record-keeping procedure that provides for the centralized tracking of complaints of sex or disability-based discrimination, harassment and retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination, harassment, and a retaliation for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging each employee's receipt of Defendant's revised policy and complaint procedure against discrimination, harassment, and retaliation; and

3.     A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one.

4.     The Defendant shall provide to the Commission upon request all documents generated in connection with any Title VII of ADA complaint, investigations, and resolutions. The Commission shall give Defendant thirty (30) calendar days notice of any request for documents pursuant to this paragraph.

**B.**     **<u>Reporting</u>**

The Defendant shall provide the following reports to the Commission in writing, by mail, or by facsimile:

1. Within ninety (90) calendar days after the Effective Date and semi-annually thereafter (with the last reporting one month before the end of the Consent Decree) for the term of the Decree, Defendant shall submit to the Commission the following:

a.     verification that the Notice of Consent Decree (Attachment A) has been posted in compliance with the Consent Decree;

b.     its policy against and complaint procedure for discrimination, harassment, and retaliation after consultation with the EEO Consultant in compliance with the Consent Decree;

c.     verification of the distribution to Defendant's employees of its policy against and complaint procedure for discrimination, harassment, and retaliation in compliance with the Consent Decree; and the employee's acknowledgments of the receipt of the policy and complaint procedure;

d.     a copy of Defendant's training materials and schedule of training;

e.     verification that all applicable managerial and non-managerial employees have been trained in compliance with the Consent Decree;

f.     the signed acknowledgments of the employees who have been trained in compliance with the Consent Decree;

g.      verification that a record keeping system has been established for the tracking of discrimination, harassment complaints, the employees' acknowledgment of the receipt of Defendant's policy and complaint procedure for discrimination, harassment, and retaliation; and for the attendance / completion of all of its employees in training concerning its policy against and complaint procedure for discrimination, harassment, and/or retaliation in compliance with the Consent Decree; and

h.      a summary report of their investigation into any complaint about discrimination, harassment, and/or retaliation for complaining about discrimination and/or harassment.  The investigation report shall include the following for each complaint during the reporting period:

(1).    the name, sex and title of the complaining party(ies);

(2).    the date of the complaint;

(3).    the name, sex and title of the alleged harasser(s);

(4).    the name, sex and title of the person(s) who  conducted the investigation into the complaint;

(5).    the nature of the complaint;

(6).    the date of the commencement and completion of the investigation;

(7).    a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(8).    the outcome of the investigation and any action taken; and.

(9) whether previous discrimination and/or harassment complaints had been made regarding the alleged harasser(s). If so, the report should also include the outcome of the prior investigations.

2. All reports under this Paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XII.

## EEOC'S REQUEST FOR ADDITIONAL INFORMATION ON DEFENDANT'S INVESTIGATION OF COMPLAINTS OF DISCRIMINATION, HARASSMENT AND /OR RETALIATION

1. Within thirty (30) calendar days of receipt of Defendant's Report, the EEOC may request in writing for additional information and/or the Defendant's internal investigative file of the complaints and investigation reported in the Semi Annual Report described in section XI(B); and to provide reasons for its request.

2. Within thirty (30) calendar days of the receipt of the EEOC's request for additional information and/or the investigative file(s), Defendant is to provide the requested information and investigative file(s) or to provide its reasons for not disclosing the information and / or investigative file.

## XIII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including the costs of the Consultant.

## XIV.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XV.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser of all or a majority of the shares of the stock in the defendant with a copy of this Consent Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same. In the event that the assets are sold in an arm's length transaction and the principles of the defendant are no longer involved in the operation of the business, then Defendant will have no further obligation under this decree.

B.      During the term of this Consent Decree, Defendant and its successors defined as a purchaser of all or a majority of the shares of stock in the Defendant, shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4'" Fl., Los Angeles, CA. 90012.

D.      The parties agree to entry of this Decree and judgment subject to final approval by this Court.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Dated: December 9, 2013        **U.S. EQUAL EMPLOYMENT**
                                      **OPPORTUNITY COMMISSION**

                                      ANNA Y. PARK
                                      AMRITA MALLIK

                                      By:   /s/ Anna Y. Park
                                          Anna Y. Park
                                      Regional Attorney
                                      U.S. EQUAL EMPLOYMENT
                                      OPPORTUNITY COMMISSION


Dated: December 5, 2013        **DEFENDANT STEP THREE, LTD.**


                                      By:   /s/ Paula Sussex
                                          Paula Sussex
                                          President, Step Three, LTD.

# ORDER

GOOD CAUSE APPEARING,

   The provisions of the foregoing Consent Decree are hereby approved

and compliance with all provisions thereof is HEREBY ORDERED.

  IT IS SO ORDERED.

  DATED:  Honolulu, Hawaii, December 13, 2013



             _____
             Alan C. Kay
             Sr. United States District Judge